UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAPLE MANOR NEURO
CENTER INC.,

       Plaintiff,

                                 Civil Case No. 20-13288

v.                                Honorable Linda V. Parker

LIBERTY MUTUAL FIRE
INSURANCE COMPANY, LIBERTY
MUTUAL GENERAL INSURANCE
COMPANY, and SAFECO INSURANCE
COMPANY OF ILLINOIS,

       Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 4) AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF NO. 12)

This declaratory judgment action arises from a dispute over no-fault insurance benefits that Defendants (collectively "Liberty Mutual") paid for the treatment of its insured clients to medical providers or medical billing agents such as Plaintiff ("Maple Manor"). There is also a lawsuit pending in this Court, Civil Case No. 20-13170 ("Civil RICO lawsuit"), in which Maple Manor is one of the named Defendants and Liberty Mutual is the Plaintiff. (*See Liberty Mutual Fire Insurance Company et al., v. Maple Manor Inc.*, et al., Case No. 20-cv-13170-LVP-KGA (E.D. Mich. 2020).) Maple Manor filed this action in state court after

Liberty Mutual filed the Civil RICO lawsuit.  On December 14, 2020, Liberty

Mutual removed the case to federal court pursuant to 28 U.S.C. § 1441(b).  (ECF

No. 1.)  Maple Manor requests this Court to declare that its billing practice was

appropriate, Liberty Mutual is not entitled to a refund, and Liberty Mutual has

defamed Maple Manor.  (*Id.*)  On December 17, 2020, Liberty Mutual filed a

motion to dismiss Maple Manor's First Amended Complaint pursuant to Federal

Rule of Civil Procedure 12(b)(6).  (ECF No. 4.)  On January 22, 2021, Maple

Manor filed a motion for leave to amend its Amended Complaint.  (ECF No. 12.)

For the reasons that follow, the Court denies Maple Manor's motion for leave to

amend its complaint and grants Liberty Mutual's motion to dismiss.

## I.    Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of

the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134

(6th Cir. 1996).  "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic

Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In deciding whether the plaintiff

has set forth a "plausible" claim, the court must accept the factual allegations in the

complaint as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This presumption

is not applicable to legal conclusions, however.  *Iqbal*, 556 U.S. at 668.  Therefore,

2

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing Twombly, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). A court that considers such matters must first convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P 12(d). However, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Thus, a court may take judicial notice of "other court proceedings" without converting a motion to dismiss into a motion for summary judgment. *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. J.P. Morgan Chase Bank, N.A.*, 537 F.3d 565, 575 (6th Cir. 2008)).

Federal Rule of Civil Procedure 15(a) instructs the courts to "freely grant[]" leave to amend "where justice so requires." This is because, as the Supreme Court has advised, "[i]f the underlying facts or circumstances relied upon by a plaintiff

may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.  *Id.*  An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is subject to dismissal pursuant to Rule 12(b)(6).  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.,* 632 F.2d 21, 23 (6th Cir.1980)) (noting that "[a]mendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss.")

## II.     Factual and Procedural Background

Maple Manor is an unlicensed billing agent.  (Am. Compl. ¶ 1b, ECF No. 1-2 at Pg ID 13.)  Liberty Mutual is an insurer authorized by the State of Michigan to transact the business of issuing and servicing no-fault auto insurance policies.  (*Id.* ¶ 2, Pg ID 3.)  As a billing agent, Maple Manor submitted medical records, bills, and invoices on behalf of medical providers who provided treatment or services to Liberty Mutual's insured clients.  (*Id.* ¶ 20, Pg ID 17.)  Maple Manor alleges that

now, Liberty Mutual is attempting to "take back" or "claw back" benefits it has already paid for the treatment of its insured.  (*Id*. ¶¶ 8, 9, 13, 14, Pg ID 15-16.)

Maple Manor alleges that its billing practices are "perfectly legal, proper, and common practice."  (*Id*. ¶ 21, Pg ID 18.)  To support this contention, Maple Manor provides a legal opinion and affidavit that it could lawfully submit bills for health care services rendered by licensed medical providers.  (*Id*. ¶¶ 21, 22, 22a, Pg ID 18-19.)  Maple Manor asserts that Liberty Mutual "now complains about the use of a the [sic] billing agent as a pretext to request a refund after-the-fact."  (*Id*. ¶¶ 21, 22, 22a, Pg ID 18-19.)  As such, Maple Manor seeks, in part, declaratory relief to declare that Maple Manor is a billing agent that lawfully can bill on behalf of licensed medical providers.  (*Id*. ¶ 27c, Pg ID 21.)

Liberty Mutual filed a motion to dismiss Maple Manor's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 4.)  Liberty Mutual's motion identified several issues with Maple Manor's Amended Complaint, including primarily that (1) the complaint seeks relief relating to non-parties; (2) the complaint fails to identify the patients or insurance claims that Maple Manor claims are at issue; and (3) the complaint fails to state a claim for defamation or tortious interference.  (ECF No. 4-1 at Pg ID 60-61.)  The motion has been fully briefed.  (ECF Nos. 14, 17.)

Following Liberty Mutual's motion to dismiss, Maple Manor filed a motion for leave to file a Second Amended Complaint.  (ECF No. 12.)  Maple Manor seeks to add a claim of defamation (Count II) and add additional parties, including Plaintiffs Maple Manor Rehab Center LLC and Maple Manor Rehab Center of Novi Inc.[1]  (ECF No. 12.)  The motion for leave to amend the complaint has been fully briefed.  (ECF. Nos 18,19.)

### III.    Law and Analysis

### MOTION TO DISMISS

Maple Manor's original amended complaint contains a single count requesting declaratory relief.  The Court will review the merits of Maple Manor's claim as originally plead in the Amended Complaint.[2]  (*See* ECF No. 1.)  Count I of Maple Manor's original complaint "specifically request this Court to declare and adjudicate the following rights and liabilities" as follows:

> (a) Declare that Maple Manor Rehab Center is a licensed nursing
>     facility[;]

[1] Maple Manor also seeks leave to amend its Amended Complaint to correctly name Defendant Liberty Mutual General Insurance Company as LM General Insurance Company.  (Proposed Second. Am. Compl., ECF No. 12); *see also* (ECF No. 14 at Pg ID 368 n.5.)

[2] The Court has reviewed Maple Manor's proposed Second Amended Complaint and finds that it does not change the Court's determination of the merits of Maple Manor's original claim.  (*See* Proposed Second. Am. Compl. ¶ 27, ECF No. 12 at Pg ID 177-178.)  The claim for declaratory judgment relief in the proposed Second Amended Complaint is identical to the claim in the Amended Complaint.  As such, the Court finds the proposed amendment is futile.

(b) Declare that Maple Manor Rehab Center provided the care and treatment to these patients[;]

(c) Declare that Maple Manor is a billing agent that can bill on behalf of licensed medical provider Maple Manor Rehab Center[;]

(d) Declare that Defendant agreed, acquiesced and ratified the use of Maple Manor as a billing agent and this cannot be used as a pretext for a refund after-the-fact[;]

(e) Declare that Defendant Insurance Company previously negotiated, reviewed, adjusted, agreed, acquiesced, waived, ratified, settled and paid for the charges of these patients, the care and treatment were already provided several years ago, and Insurance Company is not entitled to a 'take back' or any refunds[;]

(f) Declare that the [Michigan Catastrophic Claims Association, "MCCA"] is merely an indemnitor and reimburser and the MCCA'S authority is strictly limited to reimbursing no-fault insurance companies for PIP medical claims and it cannot interfere, overstep or[,] overreach  with the case or other no-fault collection cases pursuant to MCL 500.3104 ….

(g) Declare that the Insurance Company, together with the MCCA, have committed business defamation and/or defamation per se against Maple Manor by wrongfully arguing that Maple Manor is a fly-by-night, unlicensed, underground, rouge [sic] company providing unlicensed care[;]

(h) Award Plaintiff attorney fees and costs for having to file an unnecessary lawsuit to protect its business from intimidation, oppression, and harassment.

(Am. Compl. ¶ 27, ECF No. 1-2 at Pg ID 21-23.)

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), imbues authority in the court to exercise its jurisdiction and discretion in granting declaratory relief, and at times the better exercise of discretion favors abstention.[3]  *See Bituminous Cas. Corp. v. J & L Lumber Co., Inc*., 373 F.3d 807, 812 (6th Cir. 2004).  The Sixth Circuit has articulated several factors to be considered by a district court faced with a complaint seeking relief under § 2201(a):

> (1) whether the declaratory action would settle the controversy;
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
> (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata';
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy which is better or more effective.

*Travelers Indem. Co. v. Bowling Green Pro. Assocs., PLC*, 495 F.3d 266, 271 (6th Cir. 2007) (quoting *Grand Trunk W. R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984)).  Essentially, "the *Grand Trunk* factors . . . direct the district court to consider three things:  efficiency, fairness, and federalism."  *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014) (citing *Sherwin–Williams Co. v.*

---

[3] "[W]hen a state declaratory judgment action has been removed to federal court, it is treated as though it had been filed under the federal Declaratory Judgment Act." *Foreword Mag., Inc. v. OverDrive, Inc.*, No. 1:10-CV-1144, 2011 WL 31044, at *3 (W.D. Mich. Jan. 5, 2011).

*Holmes Cnty.*, 343 F.3d 383, 390-91 (5th Cir.2003)).  The Sixth Circuit has "never assigned weights" to these factors because they are "not . . . always equal." *Id.* (internal citation omitted).  "The essential question is always whether a district court has taken a good look at the issue and engaged in a reasoned analysis of whether issuing a declaration would be useful and fair." *Id.* (citing *Sherwin–Williams*, 343 F.3d at 390).

The parties offer almost no legal analysis of the five-factor test for declaratory relief in their briefings regarding the motion to dismiss.  Instead, Liberty Mutual characterizes the complaint as "fatally flawed" but does not explain how Maple Manor fails to state a claim upon which relief can be granted.  (*See* ECF No. 4.)  However, in the briefings for Maple Manor's motion to amend, the parties address the factors under the futility standard.  (*See* ECF Nos. 18, 19.) Liberty Mutual argues that the Court "should decline to exercise jurisdiction over [Maple Manor's] declaratory judgment Count because [Maple Manor] is unable to meet even one factor in the five-factor test…."  (ECF No. 18 at Pg ID514.)

The first and second factors for the Court to consider in a complaint seeking relief under § 2201(a) are "closely related" and are often considered together. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 557 (6th Cir. 2008).  Liberty Mutual argues that because there is a pending lawsuit in front of this Court regarding the same parties and subject matter, "in the interests of preserving judicial and party

resources . . . " the instant case should be dismissed to allow the parties to resolve all of their disputes in the civil RICO lawsuit.  The Court agrees as the same factual matter alleged in Maple Manor's complaint is used in *Liberty Mutual Fire Insurance Company et al., v. Maple Manor Inc., et al*. to support a pending motion to dismiss.[4]  (*See Liberty Mut. Fire Ins. Co. v. Angelo*, 2020 WL 1932645, ECF No. 20).

Liberty Mutual argues that declaratory judgment would not serve a useful purpose in clarifying its legal relations because "Liberty Mutual's [Civil RICO lawsuit] alleges several additional causes of action that would not be addressed by [Maple Manor's] declaratory judgment count."  (ECF No. 18 at Pg ID 516.)  In addition, the Court finds that declaratory judgment would not settle the controversy nor clarify all of the legal relationships between other parties.  Specifically, parties who may be potentially affected by such judgment, include the individual owners of Maple Manor, who are named defendants in the civil RICO lawsuit accused of

---

[4] Maple Manor argues that the § 2201(a) test in inapplicable because Liberty Mutual has no legal standing to challenge its status as a corporation.  (ECF No. 19 at Pg ID 568-69 (citing *Sterling Heights Pain Mgmt., PLC v. Farm Bureau Gen. Ins. Co. of Michigan*, 335 Mich. App. 245 (2020).)  The defendants in the Civil RICO lawsuit have asserted the same legal argument in a motion to dismiss Liberty Mutual's complaint.  *See* Liberty Mutual Fire Insurance Company et al., v. Maple Manor Inc., et al., Case No. 20-cv-13170-LVP-KGA (E.D. Mich. 2020), ECF No. 20.  The Court finds that the issue Maple Manor has raised would be more appropriately addressed in the Civil RICO lawsuit where the actual improper challenge to Maple Manor's incorporation status and licensing purportedly lies.

rendering unlawful treatment.  *See Travelers Indem. Co.*, 495 F.3d at 272 (holding

that non-parties, not joined in the district court, are not bound by the entry of

declaratory judgment.)  Thus, declaring the rights and liabilities of Maple Manor

would not tie up all the loose ends involved in the subject matter and these factors

weigh against exercising jurisdiction.

"The third factor is meant to preclude jurisdiction for 'declaratory plaintiffs

who file their suits mere days or weeks before the coercive suits filed by a 'natural

plaintiff' and who seem to have done so for the purpose of acquiring a favorable

forum.'"  *Flowers*, 513 F.3d at 558 (quoting *AmSouth Bank v. Dale,* 386 F.3d 763,

788 (6th Cir.2004).  The Sixth Circuit has expressed "reluctan[ce] to impute an

improper motive to a plaintiff where there is no evidence of such in the record."

*Id*.  Liberty Mutual filed its Civil RICO lawsuit in federal court first.  Rather than

filing a counter complaint in the Civil RICO lawsuit, Maple Manor then filed this

action in state court on December 14, 2020.  As such, Maple Manor's use of a

declaratory judgment action appears to be motivated by procedural fencing.  The

third factor supports rejecting jurisdiction, though the Court gives this factor little

weight.  *See Mass. Bay Ins. Co. v. Christian Funeral Dirs., Inc*., 759 F. App'x 431,

439 (6th Cir. 2018) (citing *Travelers*, 495 F.3d at 272) (affirming district court's

conclusion that third factor supported accepting jurisdiction where there was no

evidence of procedural fencing and apparent decision to give factor "little weight").

As to the fourth factor, the Court does not find it necessary to address since there are no pending state court actions that will be affected by a judgment. As to the fifth factor, the Court finds that an alternative remedy is to weigh these issues in the pending civil RICO lawsuit before this Court. Finding that declaratory judgment will not settle the controversy or fully clarify legal relations between the parties and a more effective alternative remedy exists, the Court will not exercise its discretion to grant declaratory relief pursuant to § 2201(a).

## MOTION TO AMEND

There is no evidence that Maple Manor brought the amendment in bad faith or for a dilatory purpose or that the amendment will result in undue delay or prejudice. Moreover, Liberty Mutual does not address these factors. However, the parties dispute the futility of the amendment.

Under Michigan law, defamation requires proof of the following:

> 1) a false and defamatory statement concerning the plaintiff, 2) an unprivileged communication to a third party, 3) fault amounting to at least negligence on the part of the publisher, and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by publication.

*Nichols v. Moore*, 477 F.3d 396, 399 (6th Cir. 2007) (quoting *Rouch v. Enquirer & News*, 487 N.W.2d 205, 211 (Mich. 1992)). A plaintiff alleging defamation must

plead the claim "with specificity by identifying the exact language that the plaintiff alleges to be defamatory." *Thomas M. Cooley Law Sch. v. Doe*, 833 N.W.2d 331, 341 (Mich. Ct. App. 2013) (citing *Royal Palace Homes, Inc. v. Channel 7 of Detroit, Inc.*, 495 N.W.2d 392, 394 (Mich. Ct. App. 1992)); *see also Ryniewicz v. Clarivate Analytics*, 803 F. App'x 858, 867 (6th Cir. 2020) (quoting *Ghanam v. Does*, 845 N.W.2d 128, 142 (Mich. Ct. App. 2014)) ("In Michigan, a 'plaintiff claiming defamation must plead a defamation claim with specificity by identifying the exact language that the plaintiff alleges to be defamatory.'"). The plaintiff must also specifically allege "'*who* published the defamatory statement, *when* it was published, and, most importantly, a plaintiff must identify *the precise materially false statement* published.'" *Ryniewicz*, 803 F. App'x at 867 (emphasis added) (quoting *Rouch v. Enquirer & News of Battle Creek Mich.*, 272 487 N.W.2d 205 220 (Mich. 1992) (Riley, J., concurring)) (additional citation omitted).

Liberty Mutual argues that Maple Manor cannot establish an unprivileged communication to a third party. (ECF No. 18 at Pg ID 509.) In its proposed defamation claim (Count II), Maple Manor alleges:

> 49. [Liberty Mutual's] actions described herein have falsely accused Plaintiffs of unethical and unlawful behavior and improper business practices.

> 50. [Liberty Mutual] negligently or with actual malice published false and defamatory statements regarding Plaintiffs.

51. The defamatory statements have a tendency to, and did, prejudice Plaintiffs in the conduct of its business and deter others from dealing with Plaintiffs.

52. The statements [Liberty Mutual] made were not privileged.

53. Plaintiffs have demanded, and Defendants have failed to issue, a retraction. See, Letter from undersigned counsel dated December 1, 2020. **Exhibit 13.**

54. Notwithstanding the demand for a retraction of these false and defamatory statements, [Liberty Mutual] utilized such statements in the public forum, and re-published many of those same statements within the second federal lawsuit that was filed in this court and even alleged that in the lawsuit *Liberty Mutual* v. *Maple Manor et al.,* Case No. 2:20-cv-13170-LVP-KGA. These false statements include the false and defamatory allegations that crimes were committed by the Plaintiffs and/or its owners.

55. As a direct and proximate result of [Liberty Mutual's] wrongful conduct, Plaintiffs have suffered substantial economic injury, loss of goodwill, harm to its business reputation, loss of esteem and standing in the community, and loss of business opportunities.

(Proposed Second Am. Compl. ¶¶ 49-55, ECF No. 12 at Pg ID 179-80 (emphasis in the original).)  Regarding the aforementioned letter from December 1, 2020, the named counsel for this lawsuit, cautioned Liberty Mutual to not "pursue this 'claw back' because the licensure argument has absolutely no basis in law or in fact." (Proposed Second Am. Compl. Ex. 13, ECF No. 12 at Pg. ID 235.)  Liberty Mutual filed the civil RICO lawsuit in this Court the next day.  *See Liberty Mutual Fire Insurance Company et al.*, Case No. 20-cv-13170, ECF No. 1.

14

Liberty Mutual argues that filing the civil RICO lawsuit cannot constitute an actionable claim for defamation as an absolute privilege applies to judicial proceedings.  (ECF No. 18 at Pg ID 511 (citing *Couch v. Schultz*, 483 N.W.2d 684, 685 (Mich. App. 1992).)  Michigan "recognizes that statements which are pertinent to judicial proceedings made by attorneys *in the courtroom or in pleadings* are absolutely privileged, and as such, no cause of action for defamation can be predicated on such statements."  *Various Markets, Inc. v. Chase Manhattan Bank, N.A.*, 908 F. Supp. 459, 465 (E.D. Mich. 1995) (emphasis in original). Accordingly, the Court finds that Plaintiffs would fail to plead a viable defamation claim against Liberty Mutual if Maple Manor was allowed leave to file its proposed amended complaint.  Maple Manor amending the complaint to add a count of defamation is futile.

Finally, Liberty Mutual "requests that if the motion for leave to amend is allowed, that Liberty Mutual be awarded its costs and attorney's fees . . . ."  (ECF No. 18 at Pg ID 521.)  Liberty Mutual explains that it attempted to confer with Maple Manor pursuant to Eastern District of Michigan Local Rule 7.1(a) within the time period allotted for Liberty Mutual to submit a response several times before filing its motion to dismiss.  (*Id*. at 520.)  For that reason, Liberty Mutual requests "costs for preparing its motion to dismiss, which may have been avoided had [Maple Manor] responded to any one of Liberty Mutual's several attempts to

confer." (*Id*.)  Given that the Court is denying Maple Manor's motion to amend, Defendant Liberty Mutual's request is denied as moot.

Accordingly,

**IT IS ORDERED** that Liberty Mutual's Motion to Dismiss (ECF No. 4) is **GRANTED**;

**IT IS FURTHER ORDERED** that Maple Manor's Motion for Leave to Amend its Second Complaint (ECF No. 12) is **DENIED**;

**IT IS FURTHER ORDERED** that Liberty Mutual's request for costs and attorney's fees is **DENIED** as moot.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: December 23, 2021

16